ON SUPERVISORY WRITS TO THE FIRST JUDICIAL DISTRICT COURT, PARISH OF CADDO
PER CURIAM:
1 iDenied. Relator’s claims regarding his confession, pretrial publicity, and the survivability defense are repetitive. La. C.Cr.P. art. 930.4(A); see State v. Cope, 48,739 (La. App. 2 Cir. 4/9/14), 137 So.3d 151, writ denied, 14-1008 (La. 12/8/14), 153 So.3d 440. In addition, relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive ^application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Johnson. C.J. n.s.
Crichton, J. recused
Attachment
I «STATE OF LOUISIANA VERSUS CHRISTOPHER COPE
NUMBER: 291,674-2
FIRST JUDICIAL DISTRICT COURT
CADDO PARISH, LOUISIANA
The subject of this Opinion is Petitioner’s Application for Post-Conviction Relief filed October 12, 2015. For the forego *708 ing reasons, Petitioner’s Application is DENIED.
On or about October 30, 2012, . the Petitioner, present with counsel. Bruce Whit-taker, was found guilty as charged of First Degree Murder and waived sentencing delays. Whereupon, the Petitioner was sentenced to life imprisonment at hard labor and committed to the Louisiana .Department of Corrections, subject to the conditions provided by law. The court ordered said sentence to be served without the benefit of probation, parole or suspension of sentence and with credit for time served. The court informed the Petitioner of his right to appeal and post-conviction relief proceedings as per Boykin v. Alabama. The Petitioner’s conviction and sentence were affirmed on appeal, and the Louisiana Supreme Court denied writs. State v. Cope, 48,739 (La. App. 2d Cir. 4/9/14), 137 So.3d 151, writ denied, 2014-1008 (La. 12/8/14), 153 So.3d 440.
The Petitioner first raises two claims and argues the trial court erred in denying his motions to suppress the confession and motion for change of venue. As stated in the Assistant District Attorney’s Procedural Objection to the Petitioner’s Application for Post-Conviction Relief, “both issues were raised and fully litigated in the Petitioner’s appeal.” State v. Cope, 48,739 (La. App. 2d Cir. 4/9/14), 137 So.3d 151, writ denied, 2014-1008 (La. 12/8/14), 153 So.3d 440.
Secondly, in his application for post-conviction relief, Petitioner alleges ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, Petitioner must first satisfy the test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that counsel’s performance was deficient, that the deficiency prejudiced him, and that counsel’s error was so serious that it violated Petitioner’s right to effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution. Id. at 686, 104 S.Ct. 2052. The Petitioner must prove actual prejudice before relief will be granted. It is not sufficient for the Petitioner to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel’s unprofessional errors, there is a reasonable probability the outcome would have been different. Id. at 693, 104 S.Ct. 2052. The performance and conduct of the defense attorney must be evaluated from that counsel’s perspective at the time of |4the occurrence. Petitioner has not met his burden under Strickland of showing a different outcome. He merely makes unsupported allegations of ineffective assistance of counsel. Petitioner has not met his burden of proof pursuant to Louisiana Code of Criminal Procedure article 930.2.
Additionally, in accordance with La. Code of Criminal Procedure Article 930.4, where an application for post-conviction relief alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief. The limitations on prosecution alleged by the Petitioner should have been acknowledged in proceedings leading to conviction. Petitioner should include reasons why this claim was not presented at trial or on appeal.
For the foregoing reasons, Petitioner’s Application for Post-Conviction Relief filed October 12, 2015 is DENIED.
The Clerk of Court is directed to provide Petitioner, his custodian and the District Attorney with a copy of this opinion. *709 OPINION RENDERED, READ AND SIGNED, this 19th day of November, 2015.
M JOHN MOSELY, JR. DISTRICT JUDGE
SERVICE INFORMATION:
Christopher Cope, DOC # 604579 Louisiana State Prison Angola, La. 70712-9999 Caddo Parish District Attorney 501 Texas St., 5th Floor Shreveport, LA 71101